UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO PARRA and FRANCISCO EMILIO BAEZ individually and on behalf of all other persons similarly situated who were employed by D N A CONSTRUCTION CORP., DNA CONTRACTING LLC, and DNA CONTRACTING & WATERPROOFING, LLC, and/or any other entities affiliated with or controlled by D N A CONSTRUCTION CORP., DNA CONTRACTING LLC, and DNA CONTRACTING & WATERPROOFING, LLC, <br><br> Plaintiffs, <br><br> - against - <br><br> D N A CONSTRUCTION CORP., DNA CONTRACTING LLC, and DNA CONTRACTING & WATERPROOFING, LLC and/or any other entities affiliated with or controlled by D N A CONSTRUCTION CORP., DNA CONTRACTING LLC, and DNA CONTRACTING & WATERPROOFING, LLC, <br><br> Defendants. | Docket No.: 17-cv-2755 <br><br> **SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Named Plaintiffs GERARDO PARRA and FRANCISCO EMILIO BAEZ ("Named Plaintiffs") on behalf of the putative class (collectively "Plaintiffs"), by their attorneys, Virginia & Ambinder, LLP, for their Complaint against Defendants, alleges upon knowledge as to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought on behalf of Named Plaintiffs and a putative class of individuals who performed construction work including but not limited to demolition, plumbing, painting, bricklaying, masonry, carpentry, and in other construction-related trades for D N A CONSTRUCTION CORP. ("DNA Construction"), DNA CONTRACTING LLC ("DNA Contracting"), DNA CONTRACTING & WATERPROOFING, LLC ("DNA Waterproofing") and any other entities affiliated with or controlled by DNA Construction, DNA Contracting,

and/or DNA Waterproofing (collectively "Defendants" or "DNA") to recover unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 207 and 216(b), New York Labor Law ("NYLL") §§ 663 *et seq.*, and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2, and to recover for Defendants' failure to provide Named Plaintiffs and putative class and collective members the statutorily required wage notices and wage statements pursuant to NYLL §§ 195 and 198.

2. Upon information and belief, beginning in approximately April 2011 and continuing through the present, Defendants maintained a policy and practice of requiring Plaintiffs to regularly work in excess of forty (40) hours in any given week without overtime compensation. Defendants have further engaged in a policy and practice of failing to provide Named Plaintiffs and members of the putative class and collective statutorily required wage notices and wage statements.

3. Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees who performed work for Defendants to recover overtime compensation which they were deprived of plus liquidated damages, interest, attorneys' fees, costs, and statutory damages.

## JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b) and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

5. The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. § 255(a).

6. The statute of limitations under the NYLL is six (6) years. *See* New York Labor Law § 198(3).

**VENUE**

7. Venue for this action in the Southern District of New York is appropriate under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

**THE PARTIES**

8. Named Plaintiffs are individuals residing in the City of New York who performed construction related work for Defendants.

9. Upon information and belief, Defendant DNA Contracting is a foreign limited liability company organized and existing under the laws of the State of New Jersey, and authorized to do business in the State of New York, with its principal place of business located at 322 8th Avenue, Suite 801, New York, New York 10001.

10. Upon information and belief, Defendant DNA Waterproofing is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 322 8th Avenue, Suite 801, New York, New York 10001.

11. Upon information and belief, Defendant DNA Construction is foreign business corporation incorporated under the laws of the State of New Jersey, and authorized to do business in the State of New York, with its principal place of business located at 44 Chapel Street, Newark, New Jersey 07105.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

12.     This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

13.     This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who performed construction related work for Defendants including, but not limited to, carpentry, masonry, demolition, plumbing, painting, and bricklaying during the period from April 2011 to the present (the "class").

14.     Named Plaintiffs and members of the putative class and collective are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week, pursuant to 29 U.S.C. § 207.

15.     Named Plaintiffs and members of the putative class and collective are all victims of the Defendants' common policy and/or plan to violate the NYLL by failing to provide wage notices and wage statements, pursuant to NYLL§§ 195-1 and 195-3.

16.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees.

17.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week and (2) whether Defendants failed to provide wage notices and wage statements.

18. The claims of Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs, like all members of the putative class, were subject to Defendants' policies and willful practice of refusing to pay employees overtime compensation and failing to provide wage notices and wage statements. Named Plaintiffs and putative class members have thus sustained similar injuries as a result of Defendants' actions.

19. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## **FACTS**

21. At all relevant times, Named Plaintiffs were employees of Defendants.

22. Upon information and belief, Defendants operate a construction company.

23. Upon information and belief, Defendants are "employers" within the meaning of the FLSA, NYLL, and NYCRR.

24. Defendants employed Named Plaintiffs and, upon information and belief, other similarly situated individuals to performed construction work.

25. Named Plaintiffs and members of the putative class performed various types of construction-related work including, but not limited to, carpentry, masonry, demolition,

plumbing, painting, and bricklaying during the period from April 2011 to the present.

26. Named Plaintiff Gerardo Parra worked for Defendants from approximately April 2015 until November 2015, performing construction work including but not limited to brick laying, demolition, water proofing, and painting work. Plaintiff Parra worked his regular schedule, from approximately 8:00 a.m. until 5:30 p.m., with a 30-minute lunch break, six (6) days per week from April 2015 until November 2015. Named Plaintiff Parra generally worked less, or did not work at all, from approximately January through February of 2015.

27. During the months Plaintiff Parra worked his regular schedule, he performed construction work for Defendants for at least 54 hours per week.

28. Named Plaintiff Parra was most recently paid $21.00 per hour. Plaintiff Parra was paid his regular rate of pay, $21.00 per hour, for all hours worked, including those worked over forty (40) hours per week. As such, Plaintiff Parra was not paid at the rate of one and one-half times his regular rate of pay for hours worked over forty (40) per week.

29. For example, from Monday, October 26, 2015 through Sunday, November 1, 2015, Plaintiff Parra worked six days from 8:00 a.m. until 5:30 p.m. for a total of 54 hours that week. Plaintiff Parra was paid at the rate of $21.00 per hour for all 54 hours worked during that week. As such, Plaintiff Parra was not paid the overtime premium for 14 hours that week.

30. Named Plaintiff Francisco Emilio Baez worked for Defendants from approximately April 2014 until October 2016, performing construction work including but not limited to scaffolding, caulking, and demolition work. Plaintiff Baez worked his regular schedule, from approximately 8:00 a.m. until 5:30 p.m., with a 30-minute lunch break six (6) days per week from April 2014 until October 2016. Named Plaintiff Baez worked less, or did not

work at all, from approximately January 2015 through February of 2015. Named Plaintiff Baez did not work at all, or worked less in January of 2016, but worked his regular schedule in February of 2016.

31. Named Plaintiff Baez was paid approximately $18.00 per hour. Plaintiff Baez was paid his regular rate of pay, $18.00 per hour, for all hours worked, including those worked over forty (40) hours per week. As such, Plaintiff Baez was not paid at the rate of one and one half times his regular rate of pay for hours worked over forty (40) per week.

32. For example, from Monday, May 16, 2016 through Sunday, May 22, 2016, Plaintiff Baez worked six days from 8:00 a.m. until 5:30 p.m., for a total of 54 hours. Plaintiff Baez was paid at the rate of $18.00 per hour for all 54 hours worked during that week. As such, Plaintiff Baez was not paid the overtime premium for 14 hours that week.

33. Despite regularly working more than forty (40) hours per week, Defendants did not pay Named Plaintiffs and upon information and belief members of the putative class overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked beyond forty (40) in a workweek.

34. During his employment with DNA, Plaintiff Parra received and was required to wear an identification tag that contained a certification that he was "fit to work on a suspension scaffold under my supervision or the supervision of my 'Rigging or Sign Hanger Foreman.'" This certification was signed by Leo Dominguez on behalf of DNA Contracting LLC, which lists an address of 322 Eighth Avenue, New York, New York 10001.

35. Leo Dominguez is listed as the Chief Executive Officer and the Principle Executive Officer for Defendant DNA Construction.

36. Defendant DNA Waterproofing paid an overdue tax lien to the city of New York in 2016. The business address listed was 322 Eighth Avenue, New York, New York 10001.

37. Upon information and belief, Defendants are joint employers under common ownership and management who all provide the same or similar construction services.

38. Upon information and belief, Plaintiffs used materials and supplies in performance of their duties that were provided by DNA generally, and not any one specific Defendant corporation.

39. Upon information and belief, Plaintiffs and members of the putative class performed construction work for DNA, without any distinction between the corporate entities. As such, each Defendant had control over Plaintiffs and members of the putative class with respect to the work they performed, their pay, and their supervision.

40. Plaintiff Baez was hired by Javier who, upon information and belief, is a foreman for DNA.

41. Javier was Plaintiffs' supervisor and controlled their day-to-day work, their schedule and gave them instructions for what to do each day.

42. Oscar Mejia also supervised Plaintiff Baez and controlled his day-to-day work, his schedule and gave him instructions for what to do each day.

43. Javier and Oscar Mejia often wore t-shirts with DNA written on them.

44. Juan Perez also supervised Plaintiff Parra and Plaintiff Baez and controlled their day-to-day work, their schedule and gave them instructions for what to do each day.

45. Juan Perez handed Plaintiff Baez and his co-workers their paychecks each week.

46. Juan Perez drove a van that had DNA written on it.

47. Upon information and belief, Juan Perez worked for DNA.

48. Javier and Oscar Mejia told Plaintiff Baez that they work for DNA.

49. Both Javier and Oscar Mejia told Plaintiff Baez that he worked for DNA.

50. Both Javier and Oscar Mejia told Plaintiff Baez that if anyone asked him who he worked for, he should say that he works for DNA.

51. All of Plaintiff Baez's co-workers also worked for DNA, and said that they worked for DNA.

52. Plaintiffs were given, and were occasionally required to wear at work, a t-shirt which had DNA on it.

53. Upon information and belief, Javier, Oscar Mejia, and Juan Perez are employees and/or agents or officers of DNA and are persons acting directly or indirectly in the interest of DNA and/or on behalf of DNA in relation to Plaintiff Baez.

54. When Plaintiff Baez asked Oscar Mejia for a raise in his pay, Oscar Mejia told him that he would ask their boss to grant Plaintiff Baez's request, and Plaintiff Baez was subsequently given a raise.

55. Juan Martinez was the boss of Javier, Oscar Mejia, and Juan Perez.

56. Plaintiffs saw Juan Martinez at the job sites. Plaintiff Baez was told by his supervisors that Juan Martinez was one of the owners of DNA.

57. Plaintiffs received checks that bear the name "GALIZA ENTERPRISES CORP." However, Plaintiffs are unaware of who GALIZA ENTERPRISES CORP. is. Plaintiffs understood that they were employees of DNA, as they received all of their instructions for what work to do from DNA, and had their work schedules and rate of pay set by DNA.

58.     Upon information and belief, Juan Martinez is the owner of Galiza Enterprises Corp.

59.     Named Plaintiffs are non-exempt employees of Defendants.

60.     Upon information and belief, putative class members performed the same and/or similar work to that of Named Plaintiffs, and are also non-exempt employees of Defendants.

61.     Upon information and belief, like Named Plaintiffs, putative class members regularly worked more than forty (40) hours per week and were not paid overtime compensation for hours that they worked beyond forty (40) in a workweek.

62.     Upon information and belief, and at all relevant times, Defendants maintained a policy and practice of assigning Plaintiffs to work more than forty (40) hours per week without paying them one and one half times their regular rate of pay for all hours worked in excess of forty (40) per week, in violation of the NYLL and supporting New York State Department of Labor regulations.

63.     Upon information and belief, Defendants' unlawful policy and practice of failing to pay Plaintiffs overtime compensation was willful and intentional, and was not done in good faith.

64.     Defendants did not provide Named Plaintiffs and, upon information and belief, putative class and collective members, with any notifications whatsoever indicating their regular or overtime rate of pay at the time of hiring or at any subsequent point during their employment.

65.     Defendants did not provide Named Plaintiffs and, upon information and belief, putative class and collective members with any wage statements that reflected the hours they worked, the amount they were being paid, or their regular or overtime rates of pay.

66. Upon information and belief, and at all relevant times, Defendants employed and/or jointly employed Named Plaintiffs and members of the putative class.

67. Upon information and belief, Defendants share common oversight and direction over the operations of the work performed by Plaintiff and putative class members, such as the power to hire and fire employees, maintaining common employment practices, sharing employees, services, and equipment.

68. Upon information and belief, Plaintiffs and members of the putative class performed work that simultaneously benefitted Defendants and Defendants shared control of the work performed by Named Plaintiffs and members of the putative class, including but not limited to determining their rates of pay and method of payment, setting their work hours, and directing their work.

69. Upon information and belief Defendants were responsible for maintaining employment records for Named Plaintiff and putative class members.

70. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

71. Upon information and belief, Defendants are engaged in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce.

**FIRST CAUSE OF ACTION:**
**FLSA OVERTIME COMPENSATION**

72. Plaintiffs repeat and re-allege the allegations set forth above.

73. Pursuant to 29 U.S.C. § 207, "[n]o employer shall employ any of his employees

11

who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

74. Defendants are employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

75. Named Plaintiffs and other members of the putative collective are employees, within the meaning contemplated in in the FLSA, 29 U.S.C. §203(e).

76. Defendants failed to pay Named Plaintiffs and upon information and belief putative class and collective members, overtime compensation at the rate of one and one half times their regular rates of pay for all hours worked after the first forty (40) hours in any given week, in violation of 29 U.S.C. § 207.

77. Upon information and belief, the failure of Defendants to pay Plaintiffs and putative class and collective members their rightfully owed overtime compensation was willful.

78. By the foregoing reasons, Defendants are liable to Named Plaintiffs and putative class and collective members in an amount to be determined at trial, plus liquidated damages, interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION:
## NY LABOR LAW OVERTIME COMPENSATION

79. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

80. Pursuant to 12 NYCRR § 142-2.2 "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . ."

81. NYLL § 663 provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

82. Defendants are employers within the meaning of the NYLL and the supporting New York State Department of Labor regulations.

83. Plaintiffs and putative class members are employees within the meaning of the NYLL and the supporting New York State Department of Labor regulations.

84. Named Plaintiffs and other members of the putative class regularly worked more than forty (40) hours per week.

85. Named Plaintiffs and other members of the putative class were not paid at a rate of one and one-half their regular rate of pay for hours worked above forty (40) in a workweek.

86. Consequently, by failing to pay Named Plaintiffs and other members of the putative class overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated the NYLL § 663 and 12 NYCRR § 142-2.2.

87. Upon information and belief, Defendants' failure to pay overtime compensation to Named Plaintiffs and the other putative class members for the work they performed beyond forty (40) hours in a week was willful.

88. By the foregoing reasons, Defendants violated NYLL § 663 and 12 NYCRR § 142-2.2, and are liable to Plaintiffs and the other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION:
### NEW YORK § 195(1) WAGE NOTICE VIOLATION

89. Plaintiffs repeat and re-allege the allegations set forth above.

90. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

91. Prior to February 2015, Section 195(1) also required an employer to provide a wage notice to its employees on or before February first of each year.

92. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

93. Prior to February 2015, the maximum recovery under Section 198-(b) for a § 195(1) violation was $2,500.

14

94. During their entire employment, Defendants did not provide Plaintiffs and putative class members with a wage notification informing them of, among other things, (1) their regular rate of pay, (2) their overtime rate of pay, (3) the basis of their rate of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendants.

95. Defendants violated NYLL § 195(1) by failing to provide Plaintiffs and putative class members with wage notifications containing the information required by NYLL § 195, *et seq*.

96. The failure of Defendants to provide Plaintiffs and putative class members with wage notifications in violation of NYLL § 195 was willful.

97. As a result of Defendants' unlawful acts, Plaintiffs and putative class members have been deprived of the appropriate wage notice, and Defendants are liable to Plaintiffs in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

### FOURTH CAUSE OF ACTION: NEW YORK § 195(3) WAGE STATEMENT VIOLATION

98. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

99. Pursuant to Section 195(3) of the NYLL, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

100. Pursuant to Section 198-1(d) of the NYLL, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

101. Named Plaintiffs and putative class and collective members did not receive any wage statements from the Defendants during their employment.

102. Defendants violated NYLL § 195(3) by failing to provide Named Plaintiffs and putative class and collective members with wage statements containing the information required by NYLL § 195(3).

103. The failure of Defendants to provide Named Plaintiffs and putative class and collective members with wage statements in violation of NYLL § 195 was willful and repeated.

104. As a result of Defendants' unlawful acts, Named Plaintiffs and putative class and collective members have been deprived of the appropriate wage statements, and Defendants are liable to them in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

**WHEREFORE**, Plaintiffs and the members of the putative class demand judgment:

(1) on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) on their third cause of action against Defendants, for all statutory damages permitted under the NYLL plus attorneys' fees and costs;

(4) on their fourth cause of action, against Defendants, for all statutory damages permitted under the NYLL plus attorneys' fees and costs; and

(5) such other and further relief as to the Court may deem just and proper.

Dated: New York, New York
       June 29, 2017

**VIRGINIA & AMBINDER, LLP**

By: __s/ Leonor H. Coyle Esq.__
Leonor H. Coyle, Esq.
Kara Miller, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: 212-943-9080
Fax: 212-943-9082
lcoyle@vandallp.com

*Attorneys for Plaintiffs*