UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GERARDO PARRA and FRANCISCO EMILIO
BAEZ individually and on behalf of all other persons
similarly situated who were employed by DNA
CONSTRUCTION CORP., DNA CONTRACTING
LLC and DNA CONTRACTING &
WATERPROOFING, LLC, , and/or any other
entities affiliated with or controlled by DNA
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC,

Index No. 17-CV-02755 (LGS)

                               Plaintiffs,

   -against-

DNA CONSTRUCTION CORP., DNA
CONTRACTING LLC and DNA CONTRACTING
& WATERPROOFING, LLC, and/or any other
entities affiliated with or controlled by DNA
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC,

                               Defendants.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DNA CONTRACTING LLC and DNA CONTRACTING & WATERPROOFING, LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS AND COLLECTIVE COMPLAINT

Of Counsel
   Rebecca W. Embry
   Gina E. Nicotera

LANDMAN CORSI BALLAINE & FORD P.C.<br>
120 Broadway<br>
New York, N.Y. 10271-0079<br>
(212) 238-4800

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS......................................................................................................... 1

LEGAL ARGUMENT ............................................................................................................... 3

    POINT I:    DEFENDANTS ARE IMPROPER PARTIES
                    TO THE ACTION............................................................................................ 4

    POINT II.   PLAINTIFFS' JOINT EMPLOYER ALLEGATIONS ARE
                    INSUFFICIENT AS A MATTER OF LAW ................................................. 7

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                                     **Page(s)**

*Arculeo v. On–Site Sales & Mktg.*,
    LLC, 425 F.3d 193 (2d Cir.2005) ................................................................................................. 7

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ............................................................................................................. 3, 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................. 4, 8

*Cano v. DPNY, Inc.*,
    287 F.R.D. 251 (S.D.N.Y. 2012) .................................................................................................. 5

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002) ........................................................................................................ 5

*Chen v. Domino's Pizza, Inc.*,
    No. 09–107, 2009 WL 3379946 (D.N.J. Oct. 16, 2009) .............................................................. 6

*Herman v. RSR Security Services Ltd.*,
    172 F.3d 132 (2d Cir.1999) ......................................................................................................... 5

*Inst. for the Dev. of Earth Awareness v. People for Ethical Treatment of Animals*,
    2009 WL 2850230 (S.D.N.Y.2009) ............................................................................................. 6

*Kregler v. City of New York*,
    2009 WL 2524628 (S.D.N.Y.2009) ............................................................................................. 6

*Lima v. Addeco*,
    634 F.Supp.2d 394 (S.D.N.Y.2009) ............................................................................................. 7

*Willey v. J.P. Morgan Chase, N.A.*,
    2009 WL 1938987 (S.D.N.Y.2009) ............................................................................................. 6

*Zheng v. Liberty Apparel Co.*,
    355 F.3d 61 (2d Cir.2003) ........................................................................................................... 5

**Statutes**

Fair Labor Standards Act 29 U.S.C. § 207 ................................................................................... 1, 2, 3, 6

New York Labor Law §§ 195 and 198 ............................................................................................ 1, 2, 3

4834-7800-0971v.2

**Other Authorities**

Fed. R. Civ. P. (8)(a)(2) ........................................................................................................3

Fed. R. Civ. P. 12(b)(6) .................................................................................................1, 3, 8

Fed. R. Civ. P. 12(d) ............................................................................................................5

4834-7800-0971v.2

## PRELIMINARY STATEMENT

Defendants DNA CONTRACTING LLC and DNA CONTRACTING & WATERPROOFING, LLC (collectively "Defendants")[1] move to dismiss Plaintiffs GERARDO PARRA and FRANCISCO EMILIO BAEZ's (collectively "Named Plaintiffs") Second Amended Class and Collective Complaint (the "Second Amended Complaint"), in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Named Plaintiffs commenced this action with the filing of a Summons and Complaint on or about April 18, 2017, on behalf of themselves and others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207 and New York Labor Law ("NYLL") §§ 195 and 198. Named Plaintiffs subsequently filed an Amended Complaint on or about May 18, 2017, and a Second Amended Complaint on or about June 29, 2017. Despite Named Plaintiffs' third attempt to plead their claims, Named Plaintiffs fail to plead a cause of action against Defendants, as Defendants never employed the Named Plaintiffs.

For the reasons set forth more fully below, Named Plaintiffs' Second Amended Complaint must be dismissed in its entirety as it fails to state a cause of action under the FLSA or the NYLL.

## STATEMENT OF FACTS

As alleged in the Second Amended Complaint, Defendants are limited liability companies, authorized to do business in the State of New York. *See* Second Amended Class and Collective Action Complaint ("2d Am. Comp.") ¶¶ 9-11, annexed as Exhibit A to the Declaration of Rebecca Embry, Esq., dated July 14, 2017 ("Embry Dec.").

---

[1] Plaintiffs named "DNA Construction Corp." in their Second Amended Complaint. DNA Construction Corp. is not affiliated with DNA Contracting LLC and DNA Contracting & Waterproofing, LLC. The undersigned does not represent DNA Construction Corp. This motion is not on behalf of DNA Construction Corp.

1

The Named Plaintiffs allege that they are individuals residing in the City of New York who performed construction related work for Defendants. 2d Am. Comp. ¶ 8.[2] The Named Plaintiffs further vaguely allege that they were "employees of Defendants;" that "Defendants operate a construction company;" and that "Defendants are 'employers' within the meaning of the FLSA, NYLL and NYCRR." 2d Am. Comp. ¶¶ 21-23.

Plaintiff Gerardo Parra alleges that he "worked for Defendants from approximately April 2015 until November 2015, performing construction work…;" that he "typically worked six (6) days per week from approximately 8:00 a.m. until 5:30 p.m., with a 30 minute lunch break;" and that he "generally worked less or not at all from approximately January through February." 2d Am. Comp. ¶ 26. Plaintiff Parra further alleges that he performed construction work for Defendants for at least 54 hours per week and that he was paid $21.00 per hour for all hours worked." 2d Am. Comp. ¶¶ 27-28.

Plaintiff Francisco Emilio Baez alleges that he "worked for Defendants from approximately April 2014 until October 2016, performing construction work…;" that he "typically worked six (6) days per week from approximately 8:00 a.m. until 5:30 p.m., with a 30 minute lunch break;" that he "generally worked less or not at all from approximately January through February 2015;" that he "did not work at all, or worked less in January of 2016, but worked his regular schedule in February of 2016;" and that he was " paid approximately $18.00 per hour" for all hours worked. 2d Am. Comp. ¶¶ 30-31.

Both Named Plaintiffs allege that they were supervised by an individual named Javier, an individual named Oscar Mejia, and an individual named Juan Perez. 2d Am. Comp. ¶¶ 41-42, 44. They further allege that Juan Martinez was the boss of Javier, Oscar Mejia, and Juan Perez; and

---

[2] Defendants contest the substantive allegations asserted against them.

that upon information and belief Juan Martinez is the owner of non-party Galiza Enterprises Corp. 2d Am. Comp. ¶¶ 55, 58. Named Plaintiffs also allege that Juan Martinez approved a pay raise request from Plaintiff Baez and that they received paychecks that bore the name "Galiza Enterprises Corp." 2d Am. Comp. ¶¶ 54, 57.

Named Plaintiffs allege in a generic, conclusory fashion that "Defendants share common oversight and direction over the operations of the work performed by Plaintiffs." 2d Am. Comp. ¶ 67. Named Plaintiffs further allege that Defendants shared in "power to hire and fire employees, maintaining common employment practices, sharing employees, services, and equipment[,]" and in "determining their rates of pay and method of payment, setting their work hours, and directing their work" and "were responsible for maintaining employment records for Named Plaintiffs." Am. Comp. ¶¶ 67-69.

As discussed below, Defendants deny the allegations and simply state that, not only is the Second Amended Complaint deficient in its attempts to plead FLSA and NYLL claims against Defendants but, significantly, the Named Plaintiffs were not employed by Defendants and, therefore, the Second Amended Complaint must be dismissed in its entirety, and any attempt to cure the deficiencies is futile.

## LEGAL ARGUMENT

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949 (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

conclusions." *Iqbal*, 129 S. Ct. at 1949. To state a plausible claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not "shown" that the pleader is entitled to relief, and it must be dismissed. *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557). To be plausible, the claim must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## POINT I

### Defendants are Improper Parties to the Action

Defendants did not employ the Named Plaintiffs. The Named Plaintiffs make the general, conclusory assertion that they were "employed by *Defendants*" (emphasis added), but they were not. The payroll records for DNA Contracting LLC and DNA Contracting & Waterproofing, LLC reflect all employees who worked for and were paid by DNA Contracting LLC and/or DNA Contracting & Waterproofing LLC. A review of each of the entities' payroll tax returns (reflecting wages paid quarterly to each employee) and a review of each employee's W-2's for each company for the years 2014, 2015, 2016 confirm that the Named Plaintiffs were not employed by Defendants. *See* Declaration of Steven Lyon, executed on July 13, 2017 ("Lyon Dec."), submitted

herewith.[3] The Defendants clearly did not, among other things, hire or fire the Named Plaintiffs, did not set the pay rates for Named Plaintiffs, did not pay Named Plaintiffs, and did not maintain employment records for the Named Plaintiffs, given that all of Defendants' employees are reflected in Defendants' payroll records and there is no reflection whatsoever of Named Plaintiffs in those records. *See* Lyon Dec. Moreover, Named Plaintiffs were admittedly paid by check by non-party Galiza Enterprises Corp., and were supervised by foremen who in turn reported to Juan Martinez, the alleged owner of Galiza Enterprises Corp. 2d Am. Comp. ¶¶ 54-58.

Courts have consistently held that factors to be considered in determining whether an employer-employee relationship exists include whether the alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *See Herman v. RSR Security Services Ltd.*, 172 F.3d 132, 139 (2d Cir.1999) (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir.1984); *see also Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 69 (2d Cir.2003); *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 258 (S.D.N.Y. 2012) (applying same standard).

Named Plaintiffs' attempt to establish an employer-employee relationship by alleging what amounts to common practices on a construction site must fail. For example, DNA's business includes acting as the general contractor for façade restoration for building owners and their agents.

---

[3] In some cases, a document not expressly incorporated by reference in the complaint is nevertheless "integral" to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint "where the complaint relies heavily upon its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). A district court may therefore consider materials outside the pleadings at the motion to dismiss stage, and may "treat[ ] [the motion] as one for summary judgment under Rule 56" and give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d); Goel v. Bunge, Ltd., 820 F.3d 554, 560 (2d Cir. 2016).

5

4834-7800-0971v.2

In order to complete the work, DNA retains subcontractors, such as Galiza Enterprises Corp., to perform labor and other services. *See* Declaration of Leo Dominguez, executed on July 13, 2017, at ¶ 2 ("Dominguez Dec.").

The claim that Named Plaintiffs used DNA equipment and material and wore shirts on a DNA jobsite that bore the name "DNA" are not dispositive of an employer-employee relationship but merely reflects a typical contractor-subcontractor relationship. *See* Dominguez Dec., ¶ 7.

As such, Named Plaintiffs' conclusory allegations that Defendants were employers within the meaning of the law, absent any supporting allegations whatsoever - and in direct contradiction to Named Plaintiffs' own allegations of receiving requested pay rate increases and paychecks from Galiza Enterprises, Corp., are simply insufficient to meet the pleading standard accepted by this court. *See, e.g., Inst. for the Dev. of Earth Awareness v. People for Ethical Treatment of Animals*, 2009 WL 2850230, *3-4 (S.D.N.Y.2009) (dismissing cause of action that contained only "conclusory assertions[, but] ... no factual allegations"); *Willey v. J.P. Morgan Chase, N.A.*, 2009 WL 1938987, *4 (S.D.N.Y.2009) (dismissing complaint that contained only "formulaic recitations" of the elements of the claim, unsupported by factual allegations; "ipse dixit pleading is insufficient" under Iqbal ); *Kregler v. City of New York*, 2009 WL 2524628, *5 (S.D.N.Y.2009) (dismissing amended complaint under Iqbal because its allegations amounted to only "conclusory pleadings"); *See* Lyon Dec. *See also, Chen v. Domino's Pizza, Inc.*, No. 09–107, 2009 WL 3379946, at *4 (D.N.J. Oct. 16, 2009) (dismissing the complaint against the alleged employer because it "simply ma[de] the conclusory statement that [defendant] is an employer 'within the meaning of [the FLSA] ....' [and] fail[ed] to make any specific allegations against [the defendant] to support this contention").

Given this incurable, fatal flaw of Named Plaintiffs' claims against Defendants – the Named Plaintiffs are not employed by Defendants, the Second Amended Complaint must be dismissed in its entirety as against Defendants.

## POINT II

### Plaintiffs' Joint Employer Allegations are Insufficient as a Matter of Law

Even accepting Named Plaintiffs' allegations as true, the vague and conclusory allegations related to joint employer status are insufficient as a matter of law. Named Plaintiffs claim "Defendants share common oversight and direction over the operations of the work performed by Plaintiffs;" share the "power to hire and fire employees, maintaining common employment practices, sharing employees, services, and equipment[,]" and share in "determining their rates of pay and method of payment, setting their work hours, and directing their work" and "were responsible for maintaining employment records for Named Plaintiffs." Am. Comp. ¶¶ 67-69. In order to establish joint employer status, "courts look at commonality of hiring, firing, discipline, pay, insurance, records, and supervision to determine whether an entity is a joint employer." *Lima v. Addeco,* 634 F.Supp.2d 394, 400 (S.D.N.Y.2009).

As an initial matter and as discussed above, Named Plaintiffs fail to identify or name in this action the entity that actually employed them. Under the joint employer doctrine "an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer." *Arculeo v. On–Site Sales & Mktg., LLC,* 425 F.3d 193, 198 (2d Cir.2005). Accordingly, as a practical matter, there cannot be a joint employer where no formal employer has been established. While not clear, it seems that Named

7

Plaintiffs are attempting to argue that DNA Contracting LLC and DNA Contracting & Waterproofing LLC *jointly* employed Plaintiffs. As confirmed above, Plaintiffs were not employed by either entity. *See* Lyon Dec. Therefore, there can be no joint employment of the Named Plaintiffs between these two Defendants.

Moreover, Named Plaintiffs' allegations related to joint and/or single employer status are nothing more than boilerplate recitations of the joint employer theory of liability. The allegations are unsupported by any facts concerning Defendants' ability to hire, fire, discipline and pay employees in conjunction with any other entity. The allegations are therefore insufficient under the pleading standards articulated in *Twombly, supra,* and must be dismissed.

## CONCLUSION

For the aforementioned reasons, the Court should grant Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) and should dismiss Named Plaintiffs' Second Amended Complaint in its entirety with prejudice.

Dated: New York, New York
July 14, 2017

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD, P.C.

_____
Rebecca W. Embry
Gina E. Nicotera
*Attorneys for Defendants DNA Contracting LLC and DNA Contracting and Waterproofing LLC p*
120 Broadway, 27th Floor
New York, New York 10271
(212) 238-4800

8