UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

GERARDO PARRA and FRANCISCO EMILIO
BAEZ individually and on behalf of all other persons
similarly situated who were employed by D N A
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC, and/or any other entities
affiliated with or controlled by D N A
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC

Index No. 17-cv-2755 (LGS)

Plaintiffs,

-against-

D N A CONSTRUCTION CORP., DNA
CONTRACTING LLC, and DNA CONTRACTING
& WATERPROOFING, LLC and/or any other
entities affiliated with or controlled by D N A
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC

Defendants.
----------------------------------------------------------------- X

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF CLAIMS

This Confidential Settlement Agreement and Full and Final Release of all Claims ("Agreement") is entered into as of this 23 th day of July, 2018 by Plaintiffs GERARDO PARRA, FRANCISCO EMILIO BAEZ, and ANSELMO OLLAN ZAPATA ("Plaintiffs") and Defendants DNA CONTRACTING LLC, and DNA CONTRACTING & WATERPROOFING, LLC (collectively, "Defendants") (Plaintiffs and Defendants are the "Parties").

**WHEREAS** Plaintiffs Gerardo Parra and Francisco Emilio Baez commenced the within

1

4826-2957-3960v.1

action (the "Action") asserting claims arising from and related to their alleged employment by Defendants;

**WHEREAS**, Defendants deny the allegations and deny all liability;

**WHEREAS**, Anselmo Ollan Zapata and Miguel Bailon joined this case as opt-in Plaintiffs;

**WHEREAS,** the Parties are desirous of resolving the present litigation, dispute between them, including all Fair Labor Standards Act and New York Labor Law claims;

**WHEREAS,** it is expressly understood that Plaintiffs and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation. The Parties wish to avoid the uncertainty, expense and time-consuming nature of litigation and desire to enter into a compromise agreement concerning all claims, whether known or unknown, between Plaintiffs and Defendants in the Action, without further litigation and without any admission of liability on the part of any of the Parties;

**WHEREAS**, this Agreement is subject to judicial approval by the Southern District of New York; and

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. <u>**Payments**</u>:

    a.  Defendants agree to pay $23,000 to Plaintiffs and Virginia & Ambinder LLP in full resolution of Plaintiffs' claims ("Settlement Payment"). The payment shall be made as follows:

| Name | Payment Amount |
|---|---|
| Gerardo Parra | $3.500.00 |
| Francisco Emilio Baez | $8,500.00 |
| Anselmno Ollan Zapata | $1,500.00 |
| Virginia & Ambinder LLP | $9,500.00 |

b.      Defendants agree to make the Settlement Payment no later than 30 calendar days after receiving: (1) a fully executed Agreement; and (2) an executed W-9 from Virginia & Ambinder LLP.

c.      The Settlement Payment shall be issued via one check in the amount of $23,000, made payable to Virginia & Ambinder, LLP IOLA, for which an IRS Form 1099 shall be issued. The check shall be sent to Kara Miller, Esq., Virginia & Ambinder LLP, 40 Broad Street, 7th Floor, New York, NY 10004.

d.      The payment provided above shall be governed by applicable federal, state, and local laws and regulations, including but not limited to all applicable tax laws. Plaintiffs acknowledge and understand that they are responsible for any and all taxes, interest and penalties that they might owe with respect to such payments. Plaintiffs acknowledge that they have obtained no advice from Defendants or their attorneys and that neither Defendants nor their attorneys have made any representations regarding the tax or other financial consequences, if any, regarding the payments provided for above. Plaintiffs shall indemnify and hold harmless Defendants for all penalties and interest with regard to the payments

2. **Opt-in Plaintiff Miguel Bailon:**

3

    a.    After this Agreement has been fully executed, Counsel for Plaintiffs shall file a notice withdrawing Miguel Bailon as an opt-in Plaintiff in this matter.

### 3. Release of Claims:

    a.    Plaintiffs ("Releasors") waive all claims against Defendants and their past, present, and future employees, attorneys, insurers, agents, representatives, principals, subsidiaries, affiliates, assigns, predecessors, successors in interest, corporations under common ownership or control, and related business entities, and any and all other individuals, parties, associations, or corporations jointly or severally liable ("Releasees") and release and forever discharge Releasees to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, whether known or unknown to Releasees, that Releasees may have against Releasors as of the date of their execution of this Agreement including, but not limited to any claim arising under: federal, state or local law or ordinance; tort; employment contract (express or implied); public policy waivable by law; Title VII of the Civil Rights Act of 1964 as amended; Civil Rights Act of 1866 as amended; the Equal Pay Act as amended; the Fair Labor Standards Act ("FLSA"), the Uniform Services Employment and Re-employment Rights Act ("USERRA") as amended; the Age Discrimination in Employment Act of 1967 ("ADEA") as amended; the Americans with Disabilities Act ("ADA") as amended; the Family And Medical Leave Act ("FMLA") as amended; the Employee Retirement Income Security Act ("ERISA") as amended; the Civil Rights Act of 1991 as amended; the Rehabilitation Act of 1973 as amended; the Older Workers Benefit Protection Act ("OWBPA") as amended; the Worker Adjustment and Retraining Notification Act ("WARN") as amended; the Occupational Safety and Health Act of 1970 ("OSHA") as amended; the New York State Human Rights Law as amended; New York City Human Rights Law as amended; New

York Labor Act as amended; New York Equal Pay Law as amended; New York Civil Rights Law as amended; New York Rights of Persons With Disabilities Law as amended; New York Equal Rights Law as amended; New York Worker Adjustment and Retraining Notification Act as amended; any other discrimination law, if applicable; and all claims for invasion of privacy, defamation, intentional infliction of emotional distress, injury to reputation, pain and suffering, constructive and wrongful discharge, retaliation, wages, monetary or equitable relief, vacation pay, award(s), grant(s), or awards under any unvested and/or cancelled equity and/or incentive compensation plan or program, and separation and/or severance pay under any separation or severance pay plan maintained by Defendants, any other employee fringe benefits plans, medical plans, or attorneys' fees or any demand to seek discovery of any of the claims, rights or damages previously enumerated herein (collectively, the "Release of Claims"). This Agreement is not intended to, and does not, release rights or claims that may arise after the date of Plaintiffs' execution hereof including without limitation any rights or claims that Plaintiffs may have to secure enforcement of the terms and conditions of this Agreement. Plaintiffs further agree to dismiss with prejudice any pending civil lawsuit or arbitration covered by the Release of Claims.

      b.     Defendants agree to waive all claims against Plaintiffs, and release and forever discharge Plaintiffs, to the fullest extent permitted by law, from any and all liability for any claims, rights or damages of any kind, whether known or unknown to Defendants, that Defendants may have against Plaintiffs from the beginning of the world until the date of Defendants' execution of this Agreement.

4826-2957-3960v.1

4. **Dismissal, No Future Lawsuits:**

Plaintiffs shall cause their attorney to execute a Stipulation of and Order of Dismissal, attached as Exhibit A, dismissing the Action in its entirety, with prejudice. Plaintiffs shall also submit this Agreement, along with any necessary documents, to obtain a finding from the Court that this Settlement is fair and reasonable. Plaintiffs agree to direct their counsel to file the stipulation of dismissal with the Court within five (5) days of receipt of the above payments or as otherwise directed by the Court.

5. **Integration Clause:**

This Agreement constitutes the entire and only understanding and agreement among Plaintiffs and Defendants respecting the subject matter of this Action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

6. **Additional Clauses:**
   a. This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.
   b. This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto. Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude

other or further exercise thereof.

c. This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

d. This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

e. Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

f. The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Southern District of New York to enforce the terms of this Agreement.

7. **Notices**:

Any notice under this Agreement shall be sent by email. If to Defendants, such notice shall be sent to Gina Nicotera, Esq., Landman Corsi Ballaine & Ford P.C., email address: gnicotera@lcbf.com. If to Plaintiffs, such notice shall be sent to Kara Miller, Esq., Virginia & Ambinder LLP, email address: kmiller@vandallp.com. A party may change its address or email address for notices by providing notice to such effect in accordance with this Paragraph.

8. **Breach:**

If a court of competent jurisdiction determines that any party has breached any of the terms of this Agreement, the breaching party shall pay to the non-breaching party all of their reasonable costs and expenses, including reasonable attorneys' fees, incurred in enforcing the terms of this Agreement and/or defending any action(s), including collection proceedings and appeals.

9. **Counterparts**:

This Agreement is effective when it has been fully-executed by all Parties. Electronic and facsimile signatures shall be deemed as originals. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, AFFIRM THAT IT HAS BEEN TRANSLATED IF NECESSARY INTO A LANGUAGE OF MY CHOICE, FULLY UNDERSTAND IT AND VOLUNTARILY AGREE TO IT.**

Dated: 7/23/2018        By: _____
                             GERARDO PARRA

Dated: 7/23/2018        By: _____
                             FRANCISCO EMILIO BAEZ

Dated: 07/25/2018       By: _____
                             ANSELMO OLLAN ZAPATA


                        DNA CONTRACTING LLC

Dated:_____   By:_____
                             ANDREW BARDOLF, PRESIDENT

8

4826-2957-3960v.1

DNA CONTRACTING LLC

Dated:_____    By:_____
                                                  ANDREW BARDOLF, PRESIDENT

DNA CONTRACTING & WATERPROOFING, LLC

Dated:_____    By:_____
                                                  JOHN KALAFATIS, PRESIDENT

4826-2957-3960v.1
4837-6819-6717v.1