UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

GERARDO PARRA and FRANCISCO EMILIO
BAEZ individually and on behalf of all other persons
similarly situated who were employed by D N A
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC, and/or any other entities
affiliated with or controlled by D N A
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC

Index No. 17-cv-2755 (LGS)

Plaintiffs,

-against-

D N A CONSTRUCTION CORP., DNA
CONTRACTING LLC, and DNA CONTRACTING
& WATERPROOFING, LLC and/or any other
entities affiliated with or controlled by D N A
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC

Defendants.
------------------------------------------------------------------ X

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF CLAIMS

This Confidential Settlement Agreement and Full and Final Release of all Claims ("Agreement") is entered into as of this 17 th day of September, 2018 by Plaintiffs GERARDO PARRA, FRANCISCO EMILIO BAEZ, and ANSELMO OLLAN ZAPATA ("Plaintiffs") and Defendants DNA CONTRACTING LLC, and DNA CONTRACTING & WATERPROOFING, LLC (collectively, "Defendants") (Plaintiffs and Defendants are the "Parties").

**WHEREAS** Plaintiffs Gerardo Parra and Francisco Emilio Baez commenced the within

1

action (the "Action") asserting claims arising from and related to their alleged employment by Defendants;

**WHEREAS**, Defendants deny the allegations and deny all liability;

**WHEREAS**, Anselmo Ollan Zapata and Miguel Bailon joined this case as opt-in Plaintiffs;

**WHEREAS,** the Parties are desirous of resolving the present litigation, dispute between them, including all Fair Labor Standards Act and New York Labor Law claims;

**WHEREAS,** it is expressly understood that Plaintiffs and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation. The Parties wish to avoid the uncertainty, expense and time-consuming nature of litigation and desire to enter into a compromise agreement concerning all claims, whether known or unknown, between Plaintiffs and Defendants in the Action, without further litigation and without any admission of liability on the part of any of the Parties;

**WHEREAS**, this Agreement is subject to judicial approval by the Southern District of New York; and

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

**1. Payments**:

a. Defendants agree to pay $23,000 to Plaintiffs and Virginia & Ambinder LLP in full resolution of Plaintiffs' claims ("Settlement Payment"). The payment shall be made as follows:

| Name | Payment Amount |
|---|---|
| Gerardo Parra | $3.500.00 |
| Francisco Emilio Baez | $8,500.00 |
| Anselmno Ollan Zapata | $1,500.00 |
| Virginia & Ambinder LLP | $9,500.00 |

b. Defendants agree to make the Settlement Payment no later than 30 calendar days after receiving: (1) a fully executed Agreement; and (2) an executed W-9 from Virginia & Ambinder LLP.

c. The Settlement Payment shall be issued via one check in the amount of $23,000, made payable to Virginia & Ambinder, LLP IOLA, for which an IRS Form 1099 shall be issued. The check shall be sent to Kara Miller, Esq., Virginia & Ambinder LLP, 40 Broad Street, 7th Floor, New York, NY 10004.

d. The payment provided above shall be governed by applicable federal, state, and local laws and regulations, including but not limited to all applicable tax laws. Plaintiffs acknowledge and understand that they are responsible for any and all taxes, interest and penalties that they might owe with respect to such payments. Plaintiffs acknowledge that they have obtained no advice from Defendants or their attorneys and that neither Defendants nor their attorneys have made any representations regarding the tax or other financial consequences, if any, regarding the payments provided for above. Plaintiffs shall indemnify and hold harmless Defendants for all penalties and interest with regard to the payments

2. **Opt-in Plaintiff Miguel Bailon:**

3

a.      After this Agreement has been fully executed, Counsel for Plaintiffs shall file a notice withdrawing Miguel Bailon as an opt-in Plaintiff in this matter.

### 3. Release of Claims:

a.      Plaintiffs ("Releasors") waive all claims asserted, or which could have been asserted, under federal, state or local laws by or on behalf arising out of work they allegedly performed for Defendants. The released claims include all claims that have been brought, or that could have been brought against Defendants and their past, present, and future employees, attorneys, insurers, agents, representatives, principals, subsidiaries, affiliates, assigns, predecessors, successors in interest, corporations under common ownership or control, and related business entities, and any and all other individuals, parties, associations, or corporations jointly or severally liable ("Releasees"), in this Action, or that are based on the same facts and circumstances as the claims brought against Defendants in this Action, including without limitation, claims under the Fair Labor Standards Act ("FLSA"), New York Labor Laws and any other federal, state or local law or common law relating to or governing the compensation of Plaintiffs, including the failure to pay wages, overtime wages, minimum wages, unlawful wage deductions, spread of hours, retaliation, liquidated damages, interest, penalties, and attorneys' fees and costs. Releasors agree to release and forever discharge Releasees to the fullest extent permitted by law as of the date of their execution of this Agreement (collectively, the "Release of Claims"). This Agreement is not intended to, and does not, release rights or claims that may arise after the date of Plaintiffs' execution hereof including without limitation any rights or claims that Plaintiffs may have to secure enforcement of the terms and conditions of this Agreement. Plaintiffs further agree to

dismiss with prejudice any pending civil lawsuit or arbitration covered by the Release of Claims.

b. Defendants agree to waive all claims against Plaintiffs related to work Plaintiffs allegedly performed for Defendants, including all claims that have been brought or could have been brought in this Action, and release and forever discharge Plaintiffs, to the fullest extent permitted by law, until the date of Defendants' execution of this Agreement.

### 4. Dismissal, No Future Lawsuits:

Plaintiffs shall cause their attorney to execute a Stipulation of and Order of Dismissal, attached as Exhibit A, dismissing the Action in its entirety, with prejudice. Plaintiffs shall also submit this Agreement, along with any necessary documents, to obtain a finding from the Court that this Settlement is fair and reasonable. Plaintiffs agree to direct their counsel to file the stipulation of dismissal with the Court within five (5) days of receipt of the above payments or as otherwise directed by the Court.

### 5. Integration Clause:

This Agreement constitutes the entire and only understanding and agreement among Plaintiffs and Defendants respecting the subject matter of this Action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

### 6. Additional Clauses:

a. This Agreement is the product of negotiation among the Parties and shall not be

construed against any party as draftsman.

b. This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto. Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

c. This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

d. This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

e. Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

f. The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Southern District of New York to enforce the terms of this Agreement.

7. **Notices**:

Any notice under this Agreement shall be sent by email. If to Defendants, such notice shall be sent to Gina Nicotera, Esq., Landman Corsi Ballaine & Ford P.C., email address: gnicotera@lcbf.com. If to Plaintiffs, such notice shall be sent to Kara Miller, Esq., Virginia &

Ambinder LLP, email address: kmiller@vandallp.com. A party may change its address or email address for notices by providing notice to such effect in accordance with this Paragraph.

### 8. Breach:

If a court of competent jurisdiction determines that any party has breached any of the terms of this Agreement, the breaching party shall pay to the non-breaching party all of their reasonable costs and expenses, including reasonable attorneys' fees, incurred in enforcing the terms of this Agreement and/or defending any action(s), including collection proceedings and appeals.

### 9. Counterparts:

This Agreement is effective when it has been fully-executed by all Parties. Electronic and facsimile signatures shall be deemed as originals. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, AFFIRM THAT IT HAS BEEN TRANSLATED IF NECESSARY INTO A LANGUAGE OF MY CHOICE, FULLY UNDERSTAND IT AND VOLUNTARILY AGREE TO IT.**

Dated: _____   By: _____
GERARDO PARRA

Dated: _____   By: _____
FRANCISCO EMILIO BAEZ

Dated: _____  By: _____
                                                ANSELMO OLLAN ZAPATA

DNA CONTRACTING LLC

Dated: September 17, 2018  By: _____
                                                ANDREW BARDOLF, PRESIDENT

DNA CONTRACTING & WATERPROOFING, LLC

Dated: September 17, 2018  By: _____
                                                JOHN KALAFATIS, PRESIDENT

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

GERARDO PARRA and FRANCISCO EMILIO
BAEZ individually and on behalf of all other persons
similarly situated who were employed by D N A
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC, and/or any other entities
affiliated with or controlled by D N A
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC

**STIPULATION AND ORDER OF DISMISSAL**

Index No. 17-cv-2755 (LGS)

Plaintiffs,

-against-

D N A CONSTRUCTION CORP., DNA
CONTRACTING LLC, and DNA CONTRACTING
& WATERPROOFING, LLC and/or any other
entities affiliated with or controlled by D N A
CONSTRUCTION CORP., DNA CONTRACTING
LLC, and DNA CONTRACTING &
WATERPROOFING, LLC

Defendants.
------------------------------------------------------------------ X

**IT IS HEREBY STIPULATED** by and between Plaintiffs and Defendants, that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

**IT IS FURTHER STIPULATED AND AGREED** that the United State District Court, Southern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement.

**IT IS FURTHER STIPULATED AND AGREED** that the Settlement Agreement submitted to the Court on ~~July~~ September 18, 2018 is fair and reasonable.

10

| | |
|---|---|
| **VIRGINIA & AMBINDER LLP** | **LANDMAN CORSI BALLAINE & FORD P.C.** |
| By: _____/s/ Kara Miller_____<br>Kara Miller, Esq.<br>40 Broad Street, 7th Floor<br>New York, New York 10004<br>*Attorneys for Plaintiffs* | By: _____/s/_____<br>Gina E. Nicotera, Esq.<br>Rebecca Embry, Esq.<br>120 Broadway, 27th Floor<br>New York, NY 10271<br>*Attorneys for Defendants* |

SO ORDERED:

_____
Hon. Lorna G. Schofield, U.S.D.J.

11