UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                           :
GERARDO PARRA, et al.,                              :
                                  Plaintiffs,    :
                                                           :             17 Civ. 2755
                  -against-                           :
                                                            :             ORDER
DNA CONTRACTING LLC, et al.,             :
                                   Defendant.  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/19/2018

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on July 23, 2018, the parties filed their *Cheeks* letter, settlement agreement, contemporaneous time records and a breakdown of Plaintiffs' counsel's fees. It is hereby

       **ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable). It is further

       **ORDERED** that Plaintiffs' counsel's request for $9,500.00, exclusive of costs, is **GRANTED**. While this amount is approximately 41% of Plaintiffs' overall recovery, it is only 8% of the lodestar calculation. [Dkt. 87, 3 (ultimate recovery amounts) & 5 (8% of lodestar)] The Court finds this amount fair and reasonable in light of the time, labor and quality of counsel, the litigation's complexity and potential magnitude and the risk of further litigation.

       Courts in the Second Circuit may employ either the "lodestar" or "percentage-of-

1

recovery" approach to determining whether 29 U.S.C. § 216(b) attorneys' fees are reasonable. *McDaniel v. County of Schenectady*, 595 F.3d 411, 417–18 (2d Cir. 2010); *Mobley v. Five Gems Mgmt.*, No. 17 Civ. 9448, 2018 WL 1684343, at *3 (S.D.N.Y. Apr. 6, 2018). "Both [the Second Circuit] and the Supreme Court have held that the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a presumptively reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted). Except in extraordinary circumstances, courts in this District generally reject attorneys' fees awards amounting to greater than one-third of the settlement amount. *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 230 (S.D.N.Y. 2016) (collecting cases). Because of the many hours worked on relatively complex legal issues [Dkt 87-2, 20, 1–18 (# of hours); Dkt 87, 6 (relative complexity)], the relatively low settlement amount [*See* Dkt. 87, 3], and the significant discount taken by Plaintiff's counsel [Dkt. 87, 5/9], this case exemplifies the "extraordinary circumstances" exception.

Fee calculations are checked for reasonableness under the six factors laid out in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000): "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 WL 1100135, at * 2 (S.D.N.Y. Mar. 20, 2014) (citing *Goldberger*, 209 F.3d at 50). Plaintiffs' counsel's significant efforts towards reaching this settlement show how the first four *Goldberger* factors counsel for finding exceptional circumstances here. This settlement came after lengthy litigation in which six attorneys and ten paralegals [Dkt. 87-2, 20/20 (listing rates and hours worked by individual); 87, 6–7/9 (describing individuals, credentials, and their

rates] undertook not only the typical duties of counsel in a routine FLSA case that ultimately settles -- meeting and communicating regularly with Plaintiffs, drafting and filing pleadings and negotiating the settlement agreement [Dkt. 87, 4/9] -- but also substantial steps in litigating Plaintiffs' claims.  These steps included successfully opposing Defendant's motion to dismiss, serving and responding to discovery demands, successfully moving for conditional collective certification, distributing the FLSA notice using bank records and payments obtained by third-party subpoena and publishing the FLSA notice in Spanish language newspapers.  [Dkt. 87, 5/9].  *Accord Snead v. Interim Healthcare of Rochester, Inc.*, 286 F. Supp. 3d 546, 558–61 (W.D.N.Y. 2018) (applying the *Goldberger* factors and approving a fee award of 37.5% of the total settlement amount where plaintiffs' counsel spent time and labor litigating an "at least moderately complex" FLSA case).

     The sixth *Goldberger* factor, public policy, also supports finding extraordinary circumstances that make Plaintiffs' counsel's fee proposal reasonable.  29 U.S.C. § 216(b) grants attorneys' fees in meritorious FLSA cases so that plaintiffs who may otherwise be unable to secure counsel are able to prosecute their claims.  *See Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 1373118, at *7 (S.D.N.Y. May 8, 2007) (approving FLSA fees that exceed plaintiffs' damages award).  While courts are wary of attorneys who prolong litigation to rack up fees, as well as those who settle quickly "when it is not in their clients' best interest," *McDougal*, 595 F.3d at 418, neither concern applies here.  Plaintiffs' counsel succeeded in two opposed motions.  [Dkts. 33; 39; 47; 50; 57; 77]  That the settlement value of Plaintiffs' claims is relatively small compared to the proposed fees is but one of the six *Goldberger* factors, and is outweighed here by the other five factors.  *Accord Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 20 (S.D.N.Y. 2015) (holding that just

because an employee settled his claims for a modest sum did not merit reduction in attorney's fees absent a showing that the employee extended litigation in bad faith).  The fee request is therefore approved as reasonable.

    The Clerk of Court is respectfully directed to close this case.

Dated: September 19, 2018
       New York, New York

                                                  **LORNA G. SCHOFIELD**
                                                **UNITED STATES DISTRICT JUDGE**